

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00139-CV

———————————————

IN THE MATTER OF THE ESTATE OF MARTHA MILES, DECEASED

On Appeal from County Court at Law No. 2
Parker County, Texas
Trial Court No. 13P050

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Charlyn Miles, acting pro se, attempts to appeal from the trial court's "Order Granting First Amended Plea to the Jurisdiction and Motion to Dismiss Claims of Charlyn Miles for Lack of Standing." The trial court signed the order on January 23, 2026, making Appellant's notice of appeal due February 23, 2026. No notice of appeal was filed.[1] *See* Tex. R. App. P. 26.1.

On February 26, 2026, Appellant filed a motion for extension of time to file her notice of appeal. *See* Tex. R. App. P. 26.1, 26.3. We granted the motion and ordered Appellant to file a notice of appeal in the trial court on or before March 13, 2026, and file with this court a copy of the notice of appeal. *See* Tex. R. App. P. 25.1.

Appellant did not file with this court a copy of the notice of appeal. Instead, she filed a notice of the trial court's amended order vacating and setting aside its January 23, 2026 order. Because the trial court set aside the appealed-from order, Appellant's appeal is moot. *Robnett v. Robnett*, No. 02-25-00188-CV, 2025 WL 1909328, at *1 (Tex. App.—Fort Worth July 10, 2025, no pet.) (per curiam) (mem. op.) (holding that, "[b]ecause the appealed order ha[d] been dissolved[,] . . . a controversy no longer exist[ed] between the parties" and "the appeal [was] moot").

---

[1]Appellant attempted to file a pro se notice of appeal, but the trial-court clerk rejected the filing because Appellant was represented by an attorney. Appellant also attempted to file a pro se motion for new trial and a pro se request for findings of fact and conclusions of law, but the trial-court clerk rejected those findings for the same reason.

Because the appeal is moot, we lack jurisdiction over it. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (recognizing that "a court cannot decide a case that has become moot during the pendency of the litigation"); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions [for certain interlocutory orders], is that an appeal may be taken only from a final judgment."); *In re R.S.*, No. 02-20-00108-CV, 2020 WL 1949023, at *1 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (per curiam) (mem. op.) (noting that, because trial court vacated the termination judgment and continued the case, there was no longer a final judgment or appealable interlocutory order to support the appeal).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Robnett*, 2025 WL 1909328, at *1 (dismissing appeal for want of jurisdiction when challenged order had been dissolved, rendering appeal moot); *R.S.*, 2020 WL 1949023, at *1 (dismissing appeal for want of jurisdiction when there was no longer a final judgment or appealable interlocutory order).

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 7, 2026